UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZELL MAGIC METCALF,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOSE AGUAZO, et al.,<br><br>　　　　Defendants. | Case No. 1:23-CV-01069-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 7) |

　　　Plaintiff Denzell Magic Metcalf is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　On September 14, 2023, Plaintiff filed a motion for appointment of *pro bono* counsel. (ECF No. 7). Plaintiff states that he is unable to afford counsel, that his imprisonment greatly limits his ability to litigate, that the issues in this case are complex and will require research and investigation. Plaintiff also states that he has limited access to the law library and limited knowledge of the law, and that a trial in this case will likely involve conflicting testimony. (*Id.*)

　　　Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may

request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

It is too early in the case to determine Plaintiff's likelihood of success on the merits such that the interests of justice require the appointment of counsel. The Court has just screened Plaintiff's complaint, Defendants have not yet been served, and discovery has not yet begun in this case. Moreover, it appears that the legal issues involved are not extremely complex and that Plaintiff can adequately articulate his claims. Accordingly, the Court will deny Plaintiff's request for counsel without prejudice. Plaintiff can file another request for counsel at a later date.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel (ECF No. 7) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **February 29, 2024**          /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE