UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZEL MAGIC METCALF,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE ARUAYO, *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-01069-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT BE GRANTED, DEFENDANTS' REQUEST FOR SANCTIONS BE DENIED, AND PLAINTIFF'S MOTION FOR HEARING, MOTION TO EXPEDITE PROCEEDINGS, AND MOTION FOR DISCOVERY BE DENIED.<br><br>(ECF Nos. 28, 29, 33, and 35)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Denzel Metcalf ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983.

Before the Court is Defendants' Motion to Enforce the Parties' Settlement Agreement, (ECF No. 28) in which Defendants argue the parties entered into a binding settlement agreement on the record following a settlement conference on October 17, 2024, but that Plaintiff subsequently refused to comply with the settlement. Defendants request the Court enforce the terms of the written agreement and sanction Plaintiff in the amount of $2,228. Plaintiff has filed an opposition to Defendants' motion. (ECF No. 30).

Also before the Court are three motions filed by Plaintiff: (1) Motion for Hearing (ECF

1

1   No. 29), (2) Motion to Expedite Proceedings (ECF No. 33), and (3) Motion for Discovery (ECF
2   No. 35).  These motions ask for the Court to grant a hearing on the issue of the settlement
3   agreement, and to allow the case to proceed expeditiously to discovery.
4       Upon review, the Court recommends that Defendants' Motion to Enforce the Parties'
5   Settlement Agreement be GRANTED and Defendants' request for sanctions be DENIED.  The
6   Court also recommends that Plaintiff's Motion for Hearing, Motion to Expedite Proceedings,
7   and Motion for Discovery be DENIED.

**I.     BACKGROUND**

Plaintiff filed his initial complaint on July 18, 2023.  (ECF No. 1).  After screening, the Court found that the case may proceed on Plaintiff's Eighth Amendment excessive force claim against correctional officers Jose Aruayo, Albert Gibbons, and Mario Tabian, and Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against registered nurse David Willer.  (ECF Nos. 11 and 15).

On October 17, 2024, the parties participated in a settlement conference before Magistrate Judge Jeremy D. Peterson.  (ECF No. 25).  As the Court's Minute Order notes, "After discussions with the court, the case settled. The terms of the settlement were placed on the record." (*Id.*)  The Court ordered "the long form settlement agreement to be finalized within 30 days." (*Id.*)  During the settlement conference, Defendants' Counsel read the following terms of the settlement into the record:

> Plaintiff agrees to voluntarily dismiss Defendant Miller (sic) from this law -- from this litigation, and all claims that were raised or could have been raised concerning Defendant Willer.
>
> The dismissal will be with prejudice, and the parties will bear their own costs and attorney's fees. There is no other consideration for the dismissal of this one Defendant.
>
> Defendant will provide Plaintiff with a stipulation for voluntary dismissal with prejudice, and Plaintiff will sign that stipulation and return it to Defendants.
>
> For the remaining Defendants, the parties have agreed to resolve the matter in its entirety. The settlement resolves all claims that were raised or that could have been raised concerning the allegation in the lawsuit and any amendments against Defendant or Defendants, whether named or unnamed, served or unserved, and any past or current employees of the California Department of Corrections and Rehabilitation, or CDCR.

> Plaintiff waives application of Civil Code Section 1542. This agreement will also resolve any rights on appeal. Defendants have denied Plaintiff's allegations, and nothing in the settlement may or should be construed as an admission of liability.
>
> Defendants agree to pay Plaintiff the total sum of $3,000. In return, Plaintiff agrees to dismiss the case with prejudice, to sign a settlement agreement and release, and a payee data record form, which are material terms of the settlement. The parties will bear their own costs and attorney's fees. This is also a material term.
>
> Any settlement proceeds will be reduced by deduction to cover administrative fees or outstanding restitution balances or any other costs owed by Plaintiff.
>
> Payment can take up to 180 days. This 180-day time period will begin when Plaintiff completes the necessary paperwork and sends that paperwork back to Defendants -- or to -- in this case, to defense counsel, which is me.
>
> Defense will have this paperwork available for Plaintiff either today or tomorrow to complete, although he may take them with him and review them if he wishes. However, refusal to sign the settlement paperwork is not a reason to later rescind the settlement agreement that we are entering onto the record today, and the stipulation for voluntary dismissal will be filed within 30 days by Defendants, and all other deadlines will be vacated.

(ECF No. 27 at p. 4-6).

After defense counsel stated the terms of the settlement, Judge Peterson asked "Mr. Metcalf, was that statement of terms correct?" to which Plaintiff responded "Yes, your Honor." (ECF No. 27, at p. 27).

The Court also retained jurisdiction over the enforcement of the settlement. (ECF No. 27, at p. 4:19).

## II.   DEFENDANTS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

On November 18, 2024, Defendants filed a Motion to Enforce the Parties' Settlement Agreement and Request for Sanctions. (ECF No. 28). Defendants argue that the Parties reached an enforceable agreement on the record on October 17, 2024. However, following the settlement conference and agreement, Plaintiff refused to sign the written settlement agreement and stated that he no longer wished to settle the matter. Defendants ask the Court to enforce the parties' written settlement agreement and to "sanction Plaintiff for his refusal to execute the settlement in an amount up to $2,228 to be offset against the settlement amount due him." (*Id.* at 2).

On November 20, 2024, Plaintiff filed a motion for hearing. (ECF No. 29). Plaintiff requests a hearing so that the Court may "have a better understanding on its reason of refusing its settlement." (ECF No. 29 at 1).

Plaintiff also filed an Opposition to Defendants' motion on December 23, 2024. (ECF No. 30). Plaintiff argues the agreement is not enforceable "because Plaintiff hasn't signed the necessary papers to indeed finalize the settlement. The Plaintiff did not complete the agreement when he refused to sign papers that are needed to finalize the agreement." (*Id.* at p. 2). Plaintiff also argues that the Court presiding over the settlement conference "misinformed Plaintiff that he wouldn't prevail over certain defendants in this suit because he did not exhaust his administrative remedies (under PRLA) when Plaintiff indeed did so – so Plaintiff later found out he did exhaust all his administrative remedies against all Defendants and refused to sign the settle agreement upon finding out." (*Id.*)

On January 2, 2025, Defendants filed a Reply. (ECF No. 31). Defendants reiterate that the parties entered into a binding agreement at the settlement conference. Defendants also argue that Plaintiff has failed to establish a valid basis for rescission of the agreement.

On March 26, 2025, Plaintiff filed a motion to expedite proceedings. (ECF No. 33). On May 21, 2025, Plaintiff filed a motion to proceed to discovery. (ECF No. 35).

### III.    LEGAL STANDARDS

The Ninth Circuit "recognizes a trial court's inherent enforcement power" over a settlement agreement entered into while the litigation is pending before it. *In re City Equities Anaheim, Ltd.,* 22 F.3d 954, 957 (9th Cir. 1994); *see also Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) ("It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it."); *TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) (recognizing the district court's "inherent power to enforce the agreement in settlement of litigation before it").

For an agreement to be enforced it must first be a complete agreement. *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Both parties must also have directly agreed to be bound by the terms of

the settlement or have authorized their respective representatives to settle the dispute. *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977).

"The interpretation of a settlement agreement is governed by principles of state contract law. This is so even where a federal cause of action is 'settled' or 'released.'" *Botefur v. City of Eagle Point, Or.*, 7 F.3d 152, 156 (9th Cir. 1993) (citations omitted); *see also Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014) (state contract law governs whether parties reached an enforceable settlement agreement); *Ashker v. Newsom*, 81 F.4th 863, 875 (9th Cir. 2023) ("In California, contract law applies to settlement agreements.").

In California, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011).

Moreover, California law provides that an oral contract can be a valid contract. *See* Cal. Civ. Code § 1622 ("All contracts may be oral, except such as are specifically required by statute to be in writing."). Additionally, California has a "[s]trong public policy in favor of the settlement of civil cases . . . ." *Osumi v. Sutton,* 151 Cal.App.4th 1355, 1357 (2007).

In California, rescission of a contract is governed by statute. *See Wong v. Stoler*, 237 Cal.App.4th 1375, 1385 (2015) ("Both the grounds for rescission and the means by which the parties may rescind their contract are governed by statute."). Specifically, California Civil Code section 1689(b)(1) provides that a party to a contract may rescind the contract only if consent to the contract "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Cal. Civ. Code § 1689(b)(1).

**IV.     ANALYSIS**

    **A.     Enforceability of the Oral Settlement Agreement**

The Court first examines whether the parties entered into an enforceable settlement agreement on October 17, 2024.

On October 17, 2024, the parties met for a settlement conference before Magistrate

Judge Jeremy D. Peterson.  The parties reached a settlement agreement, which is supported both by the transcript of the settlement conference and the Court's minute orders.  (ECF Nos. 25 and 27).  As set forth above, the terms of the agreement included payment of $3,000 in exchange for dismissal of the case with prejudice and a release of claims, in addition to other terms.

Plaintiff also agreed to be bound by these terms.  After Defendants' counsel read the terms of the agreement into the record, the Court asked Plaintiff, "Mr. Metcalf, was that statement of terms correct?"  (ECF No. 27, at p 4:10.)  Plaintiff answered, "Yes, your Honor."  (*Id.* at p. 4:11).

Accordingly, because the parties agreed to the terms of the settlement on the record, there is a valid and enforceable settlement agreement.

In opposition to Defendant's motion, Plaintiff argues he "did not complete the agreement when he refused to sign papers that are needed to finalize the agreement."  (ECF No. 30, at p. 2).   However, as discussed above, under California law an oral agreement is enforceable even without a further written agreement.

The Ninth Circuit's decision in *Doi v. Halekulani Corp.,* 276 F.3d 1131, 1137-38 (9th Cir. 2002), is especially instructive on this issue.  In that case, the Ninth Circuit held that a binding settlement agreement was enforceable even without a written agreement where the parties appeared in open court to announce a settlement, the agreed settlement terms were put on the record, and the plaintiff responded to questioning by the Court that she agreed with the terms. The Court affirmed enforcement of the settlement agreement, stating: "At a time where the resources of the federal judiciary, and this Circuit especially, are strained to the breaking point, we cannot countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits her. The courts spend enough time on the merits of litigation; we need not (and therefore ought not) open the flood gates to this kind of needless satellite litigation." *Id*. at 1141; *see also Elyaoudayan v. Hoffman*, 104 Cal.App.4th 1421, 1431 (2003) ("Having orally agreed to settlement terms before the court, parties may not escape their obligations by refusing to sign a written agreement that conforms to the oral terms.

6

1 The oral settlement, like any agreement, 'imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.'"); *VACC, Inc. v. Davis*, 823 Fed.Appx. 474, 478 (9th Cir. 2020) (applying California law to find a valid oral settlement agreement existed where the plaintiff agreed to the settlement terms read into the record at the settlement conference and indicated his approval).

Further, one of the terms that Plaintiff agreed to on the record was that "refusal to sign the settlement paperwork is not a reason to later rescind the settlement agreement that we are entering onto the record today."  (ECF No. 27, at p. 4:4-6).

Thus, Plaintiff's refusal to sign the paperwork does not render the settlement agreement incomplete or unenforceable.

Plaintiff next argues he is entitled to withdraw from the agreement because the magistrate judge who presided over the settlement agreement told him that Plaintiff had not exhausted certain claims, and Plaintiff believes this was incorrect.  (ECF No. 30, at p. 1) ("[the judge] informed me I did not exhaust certain remedies (under PRLA) on some Defendants when I did so.").

Plaintiff's assertion, however, is unsupported and does not provide any basis to rescind the agreement.  Plaintiff has not stated exactly what was said and how it informed his understanding of the lawsuit.  Nevertheless, the magistrate judge who conducted the settlement conference was acting only as a mediator. The Court was not a party to the case and did not preside over the case.  He did not have independent knowledge of the facts of the case.  While it is possible that the judge conveyed Defendants' argument about their defense based on non-exhaustion of administrative remedies (as indeed Defendants continue to argue in their reply brief, at least as to Defendant Willer), such a comment would not amount to duress, menace, fraud or undue influence warranting rescission of the agreement.  After all, Plaintiff is the person who interacted with the grievance office and is in the best position to know what he did or failed to do regarding exhaustion of administrative remedies.  Additionally, there was nothing said on the record about Plaintiff's reliance on any representation in agreeing to the settlement.

Thus, Plaintiff has failed to provide a basis to rescind the settlement agreement. *See, e.g., Davenport v. Korik*, 2016 WL 6039027, at *6 (E.D. Cal. Oct. 14, 2016) ("Even if Plaintiff was unduly influenced by the Court's negotiation between the parties, the [settlement judge] is neither a party to the settlement nor jointly interested with any party to the settlement. The Court participated in the settlement conference as a neutral mediator between the parties in this action. The parties agreed to participate in settlement discussions and . . . reached an agreement. Plaintiff cannot rescind the agreement based upon the participation of a neutral mediator to the proceedings.").

The Court thus finds that Defendants are entitled to enforcement of the settlement agreement as agreed to by the parties on the record at the end of the settlement conference.

**B.     Written Terms of the Settlement Agreement**

Defendants also request that the Court enforce the terms of the written agreement. (ECF No. 28, at p. 6).

In *Doi v. Halekulani Corp.,* the Ninth Circuit affirmed the decision to enforce the written terms of the settlement agreement where the terms of the written provision were in accord with the terms of the agreement stated on the record, and the plaintiff had not "shown that any of the terms of the written agreement prepared by Halekulani were inconsistent with the terms of the agreement made on the record in open court." *Doi*, 276 F.3d at 1139-40.

Here too, Plaintiff does not argue that any terms in the written agreement are wrong or inconsistent with the terms placed on the record.  Further, the written agreement, a copy of which was provided by Defendants' counsel under penalty of perjury (ECF No. 28, Alcheck Decl. ¶ 3, Exhibit A), contains material terms consistent with the terms placed on the record. (*See Id.*, at p. 6 ("Consistent with the terms recited on the record, the written agreement provides for a $3,000 payment to Plaintiff, subject to Plaintiff's restitution obligations; each party to bear their own costs and attorneys' fees; stipulations to dismiss with prejudice; and payment within 180 days of Defendants' receipt from plaintiff of the stipulations to dismiss, the signed settlement agreement, and the payee data records.")).

Accordingly, the Court recommends that the terms of the written agreement be

enforced.

### C. Defendants' Request for Sanctions

Defendants request sanctions totaling $2,228 because "Plaintiff's unreasonable refusal to sign the settlement documents resulted in this motion, which caused California Department of Corrections and Rehabilitation (CDCR) to incur approximately $1,482 in attorneys' fees in connection with its preparation, and may cause CDCR to incur $798 in additional fees if a reply brief and court hearing are necessary (Alcheck Decl. ¶ 6.)." (ECF No. 28 at p. 7).

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001); *see also Doi v. Halekulani Corp.,* 276 F.3d at 1140-41 (finding no abuse of discretion where a district court awarded $1,000 sanctions imposed against the plaintiff for her refusal to sign the written settlement agreement).

Although the Court agrees that Plaintiff's filings have resulted in additional fees for defense counsel, the Court recommends denying Defendants' request for monetary sanctions. Plaintiff is currently incarcerated, and the requested sanctions would almost eliminate the entire settlement amount for the case.

### D. Plaintiff's Motion for Hearing, Motion to Expedite Proceedings, and Motion for Discovery

Finally, the Court turns the Plaintiff's related motions regarding this issue.

Plaintiff moves for a hearing in the matter so that the Court may "have a better understanding on its reason or refusing its settlement." (ECF No. 29 at p. 1). However, Plaintiff has not demonstrated any need for a hearing in this matter. *See, e.g., Doi*, 276 F.3d at 1138-39 (holding "there was no need for an evidentiary hearing on whether an agreement existed, or what its terms were" because the parties agreed to the settlement and its terms on the record). Plaintiff has set forth his position in his opposition. Moreover, the terms of the settlement agreement were clearly stated on the record. Thus, the Court recommends denying Plaintiff's motion for a hearing. (ECF No. 29).

Plaintiff also filed a motion to expedite proceedings and a motion to proceed to discovery. (ECF Nos. 33 and 35). In these motions, Plaintiff requests that the case proceed, in lieu of enforcing the settlement agreement.

However, because the Court is recommending that the settlement agreement be enforced and the case be dismissed pursuant to that agreement, the Court also recommends denying these motions.

## V. CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the Court finds that the parties entered into an enforceable settlement agreement, and Plaintiff is not entitled to rescission of that agreement.

Accordingly, IT IS RECOMMENDED that:

1. Defendants' Motion to Enforce the Parties' Settlement Agreement (ECF No. 28) be GRANTED;
2. The terms of the written settlement agreement (*see* ECF No. 28, Alcheck Decl. ¶ 3, Exhibit A) be deemed enforceable, with the parties obligations due as if the parties had signed the written agreement on the date the District Judge enters its order on Defendants' motion;
3. Defendants' Request for Sanctions be DENIED;
4. Plaintiff's Motion for Hearing, Motion to Expedite Proceedings, and Motion for Discovery (ECF Nos. 29, 33, and 35) be DENIED;
5. Plaintiff's complaint be dismissed with prejudice; and
6. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen pages, including exhibits. Any reply to the objections shall be served and filed within fourteen days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 23, 2025**                                    /s/ Erica P. Grosjean
                                                                            UNITED STATES MAGISTRATE JUDGE