UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZELL MAGIC METCALF,<br><br>   Plaintiff,<br><br>   v.<br><br>JOSE ARUAYO, et al.,<br><br>   Defendants. | Case No.: 1:23-cv-1069 JLT EPG<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS; GRANTING DEFENDANTS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT; DENYING THE MOTION FOR SANCTIONS; AND DENYING PLAINTIFF'S MOTIONS FOR A HEARING, TO EXPEDITE THE PROCEEDINGS, AND TO PROCEED TO DISCOVERY<br><br>(Docs. 28, 29, 33, 35, and 36) |

Denzell Metcalf asserts the defendants violated his Eighth Amendment rights while he was housed at California Correctional Institution- Tehachapi. (Doc. 8; *see also* Doc. 17.) The parties participated in a settlement conference with the Court and settled the action on October 17, 2024. (Doc. 25.) The Court placed the terms of the settlement on the record and ordered a long form settlement agreement to be finalized within 30 days. (*Id.*) The terms of the settlement provided that later "refusal to sign the settlement paperwork is not a reason to later rescind the settlement agreement that [the parties] enter[ed] onto the record." (Doc. 27 at 4.)

Defendants report that Plaintiff refused to sign the agreement, and request the Court enforce the terms of the settlement agreement. (Doc. 28.) Defendants also request sanctions for the attorneys' fees incurred with the preparation of the motion. (*Id.* at 7.) Plaintiff opposed the motion and requested the Court hold a hearing, so he could explain his reasoning for refusing to sign the settlement agreement.

1

(Docs. 29, 30.) Plaintiff subsequently filed a motion to expedite the proceedings and a motion to proceed to discovery. (Docs. 33, 35.)

The magistrate judge found "there is a valid and enforceable settlement agreement" between the parties. (Doc. 36 at 6.) Although Plaintiff asserted a belief that the Court provided wrong information concerning the exhaustion of his administrative remedies during the settlement conference (Doc. 30 at 1), the magistrate judge found such a belief was unsupported and did not provide a basis to rescind the agreement. (Doc. 36 at 7-8.) Therefore, the magistrate judge found, "Defendants are entitled to enforcement of the settlement agreement as agreed to by the parties on the record at the end of the settlement conference." (*Id.* at 8.) The magistrate judge acknowledged that Defendants incurred additional fees through seeking enforcement of the agreement, but found the requested deduction from the settlement award "would almost eliminate the entire settlement amount for the case." (*Id.* at 9.) Therefore, the magistrate judge recommended the Court enforce the settlement but deny the request for monetary sanctions. (*Id.* at 8-9.)

Turning to Plaintiffs' motions, the magistrate judge found an evidentiary hearing regarding Plaintiff's refusal to sign the agreement was not necessary, because Plaintiff "set forth his position in his opposition," and "the terms of the settlement agreement were clearly stated on the record." (Doc. 36 at 9.) Thus, the magistrate judge recommended the Court decline to hold a hearing. (*Id.*) In light of the settlement, the magistrate judge also recommended the denial of Plaintiff's motions to expedite the proceedings and to proceed to discovery. (*Id.* at 10.)

The Court served the Findings and Recommendations on the parties and notified Plaintiff that any objections were due within 30 days. (Doc. 36 at 10.) The Court advised the parties that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 11, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated June 23, 2025 (Doc. 36) are **ADOPTED** in

2

full.

2. Defendants' motion to enforce the parties' settlement agreement (Doc. 28) is **GRANTED**.

3. The terms of the written settlement agreement (Doc. 28-1 at 5-7) **ARE** enforceable, with the parties' obligations due as if the written agreement was executed on the date of this order.

4. Defendants' request for sanctions is **DENIED**.

5. Plaintiff's motion for a hearing (Doc. 29) is **DENIED**.

6. Plaintiff's motions to expedite the proceedings (Doc. 33) and for discovery (Doc. 35) are **DENIED**, in light of the settlement.

7. Plaintiff's complaint is **DISMISSED** with prejudice.

8. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 23, 2025**

UNITED STATES DISTRICT JUDGE