UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZELL METCALF,<br>Plaintiff,<br>v.<br>JOSE AGUAZO, et al.,<br>Defendants. | Case No. 1:23-cv-01069-JLT-EPG (PC)<br>ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT<br>(ECF No. 40) |

Denzell Magic Metcalf is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The parties reached a settlement in the case on October 17, 2024. (ECF No. 25). Defendants filed a motion to enforce settlement on November 8, 2024. (ECF No. 28). The Court issued findings and recommendations to grant the motion to enforce (ECF No. 36), and the district judge adopted the findings and recommendations in full on August 25, 2025. (ECF No. 37). Specifically, the district judge held that the terms of the written settlement agreement (ECF No. 28-1 at 5-7) were enforceable, with the parties' obligations due as if the written agreement was executed on the date of order. (ECF No. 37 at 3). The district judge then dismissed Plaintiff's complaint with prejudice on August 25, 2025. (*Id.*).

On September 11, 2026, Plaintiff filed a motion to enforce full payment of the settlement agreement. (ECF No. 40). Plaintiff alleges that the parties settled for $3,000 but states that he

received only $2,070. (*Id.*).

Defendants filed their opposition brief on September 29, 2026. (ECF No. 42). Defendants argue that "Plaintiff did not receive the full settlement amount because the settlement was subject to backup withholding as Plaintiff failed to provide a [timely] signed Payee Data Record form[1] containing his social security or taxpayer identification numbers." (*Id.* at 5). Defendants further state that "[u]nder these circumstances, CDCR [California Department of Corrections and Rehabilitation] was required to withhold these amounts, and Plaintiff can request reimbursement from the Internal Revenue Service and the Franchise Tax Board." (*Id.*).

Specifically, Defendants state that "[b]ackup withholding is required by federal and state law when a payee fails to provide a social security number or taxpayer identification number." (*Id.* at 4). Defendants allege, that after some correspondence with Plaintiff's mother, Plaintiff failed to provide a timely Payee Data Record form (STD 204).[2] (*Id.* at 3-5). Therefore, CDCR processed the payment for $3,000 but withheld $720 in backup withholding tax directed to the Internal Revenue Service.[3] (*Id.* at 2-3). Likewise, CDCR issued a check to the Franchise Tax Board for backup withholding in the amount of $210.00. (*Id.*). CDCR then issued a check to

---

[1] The settlement agreement required: "Plaintiff shall complete a Payee Data Form to enable payment and credit toward his restitution obligations. Plaintiff shall return the completed Payee Data Form to Defendants' counsel as soon as reasonably possible." (ECF No. 28-1 at 5; ECF No. 37 at 3).

[2] Plaintiff did not provide a completed Payee Data Record form until March 23, 2026, after the settlement had been processed. (ECF No. 42 at 5).

[3] Defendants state:

> Persons receiving payment from the State of California are required to submit a Payee Data Record form (STD), in lieu of an IRS W-9 or W-7 form. Since Plaintiff did not sign a Payee Data Record form (STD 204), this settlement payment was subject to reduction for federal and state backup withholding, and the settlement amount would be reported to the Internal Revenue Service and the Franchise Tax Board on a form 1099.
>
> …
>
> CDCR [California Department of Corrections and Rehabilitation] processed the $3,000 settlement in compliance with the August 25, 2025 Order and directed on January 21, 2026 that a check be issued to the Internal Revenue Service for backup withholding in the amount of $720.00, that a check be issued to the Franchise Tax Board for backup withholding in the amount of $210.00, and that a check be issued to Plaintiff in the amount of $2,070.00, subject to his restitution obligations of $593.25, which included an administrative fee. The $2,070.00 payment was deposited into Plaintiff's inmate trust account on March 20, 2026. CDCR is informed and believes that Plaintiff can contact the Internal Revenue Service and the Francise Tax Board to request reimbursement of the amounts withheld.

(ECF No. 42 at 2-3 (internal citations omitted)).

Plaintiff in the amount of $2,070.00, subject to his restitution obligations of $593.25, which included an administrative fee. The $2,070.00 payment was deposited into Plaintiff's inmate trust account on March 20, 2026. (*Id.*).

Plaintiff did not file a reply brief.

The Court will deny Plaintiff's motion to enforce settlement. (ECF No. 40). Defendants have explained how they complied with the settlement agreement and have accounted for the full settlement amount. Plaintiff has not filed a reply to context that explanation.[4]

Accordingly, IT IS ORDERED that Plaintiff's motion to enforce settlement (ECF No. 40) is DENIED.

IT IS SO ORDERED.

Dated: **November 4, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE

[4] While the Court expresses no finding or opinion as to Plaintiff's ability to recover taxes that have been withheld, it appears that Plaintiff might be able to pursue a refund from the Internal Revenue Service and Franchise Tax Board of taxes that have been withheld from settlement.